ORTIZ & ORTIZ, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York  11103
Norma E. Ortiz
Tel. (718) 522-1117
Fax. (718) 596-1302
*Pro Se*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 7 |
| CESAR CEDILLO, | Case No. 13-42445-ess |
| Debtor. | |

----------------------------------------------------------x

| | |
|---|---|
| WEB HOLDINGS, LLC, | |
| Plaintiff | Adv. Proc. No. 15-01048-ess |
| – vs.– | |
| CESAR CEDILLO, | |
| Defendant. | |

----------------------------------------------------------x

### APPLICATION OF ORTIZ & ORTIZ, L.L.P., PURSUANT TO LOCAL RULE 2090-1(d), TO WITHDRAW AS DEBTOR'S COUNSEL

Ortiz & Ortiz, L.L.P. ("O & O"), counsel of record to Cesar Cedillo (the "Debtor"), hereby states, in support of its application to withdraw as counsel, as follows:

1. O & O has served as Cesar Cedillo's (the "Debtor") counsel since his Chapter 7 was commenced in 2013. It has defended the Debtor in the adversary proceedings brought by Web Holdings, LLC, and Carver Federal Savings Bank since 2015.

2. For the reasons set forth in the annexed Declaration of Norma E. Ortiz, the Court should permit the O & O to withdraw as counsel. The Debtor has informed O & O that he can

not compensate the firm for the services previously rendered, and for the future services needed. The Debtor has not paid O & O for over six months, and has breached his agreement to provide the firm with compensation. For the reasons stated in the annexed Declaration, O & O asserts that the Debtor has deliberately disregarded his financial obligations to the firm.

3.     O & O's withdrawal at this time should not substantially prejudice the Debtor. O & O has assured that the Debtor has complied with all court orders, and has prepared and submitted pre-trial orders on his behalf. No trial date has been set. The Debtor has the time to obtain substitute counsel.

4.     Moreover, O & O has informed the Debtor for months that he needed to obtain substitute counsel. He informed O & O he would do so. O & O has not heard further from the Debtor or new counsel, and was forced to bring this application.

## RELIEF REQUESTED

5.     O & O hereby requests the entry on an order permitting it to withdraw as counsel pursuant to Local Rule 2090-1(d). Local Rule 2090-1(d) provides

> **(d) Withdrawal or Substitution of Attorneys of Record**.
>
> An attorney who has been authorized to be retained or has appeared as the attorney of record for any party in any case or adversary proceeding may not withdraw or be relieved or displaced except by order after notice to the party represented, any adversaries (if applicable), the United States trustee and the trustee. An application for such an order shall include a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including the status of any pending matters.

6.     The Court has the discretion to permit the firm's withdrawal after considering all of the circumstances of the Debtors' case at the time the request is made. Those factors may include the nonpayment of fees. The undersigned found no binding precedent for determining

when a motion to withdraw for non-payment must be granted by the court. However, it is clear that such a decision is within the Court's discretion.

       7.     Most courts have found that the non-payment of legal fees is a proper ground for granting a motion to withdraw as counsel. E.g., Century Jets Aviation, LLC v Alchemist Jet Air, LLC, 2009 US Dist LEXIS 109375, at *5-6 (S.D.N.Y. Nov. 23, 2009) (citing Melnick v. Press, No. 06 Civ. 6686, 2009 U.S. Dist. LEXIS 77609, at *10 (E.D.N.Y. Aug. 28, 2009) ("[I]t is well-settled in the Eastern and Southern Districts of New York that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4."); Centrifugal Force, Inc. v. SoftNet Commc'n, Inc., No. 08 Civ. 5463, 2009 U.S. Dist. LEXIS 35223, at *4-5 (S.D.N.Y. Apr. 6, 2009) ("Attorneys are not required to represent clients without remuneration, and the failure to pay invoices [*6] over an extended period is widely recognized as grounds for leave to withdraw."); HCC, Inc. v. R G & M Mach. Co., No. 96 Civ. 4920, 1998 U.S. Dist. LEXIS 10977, 1998 WL 411313, at *1 (S.D.N.Y. July 20, 1998) ("It is well-settled that non-payment of fees is a valid basis for granting counsel's motion to withdraw."); see also N.Y. R. of Prof'l Conduct 1.16(c) ("[A] lawyer may withdraw from representing a client when: . . . the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees."). However, some courts focus on whether non-payment is a result of a client's deliberate attempt to disregard his financial obligations to his counsel before granting a motion to withdraw for non-payment. E.g., Forchelli, Curto, Deegan, Schwartz, Mineo, Conn & Terrana, LLP v Hirsch, 2010 U.S. Dist. LEXIS 63436, at *5 (E.D.N.Y. June 23, 2010, No. 09-CV-5575 (CBA) ("While "a client's refusal to pay attorney's fees may constitute 'good cause' to withdraw… courts have permitted counsel to withdraw for lack of payment only where the client either 'deliberately

disregarded' financial obligations or failed to cooperate with counsel." ) (citation omitted).

8. O & O asserts that under either standard, its application should be granted. The Debtor will not dispute that he has not compensated O & O for ten months. Moreover, under the circumstances of this case, the Court should find that the Debtor deliberately disregarded his obligations to the firm. He made repeated promises of payment, and induced the firm to continue rendering substantial services based upon those promises. The Debtor did not inform O & O that he would not or could not pay the reduced prior fees and prospective fees until late 2017. It would be patently unfair to require O & O to remain as counsel under these circumstances. Moreover, the Court should find that given the significant amount of services rendered to the Debtor without compensation, there is cause to permit O & O to withdraw as counsel.

9. The Debtor consents to the relief requested herein. However, he asked O & O to request that the Court provide him with no less than 60 days to retain new counsel.

10. No prior application seeking the relief requested herein has been filed by O & O.

WHEREFORE, O & O requests that the Court grant the relief requested herein, and grant such other and further relief as deemed just.

Dated: March 9, 2018
       Astoria, New York

                                                  */s/Norma Ortiz*
                                                  Norma E. Ortiz
                                                  Ortiz & Ortiz, L.L.P.
                                                  32-72 Steinway Street, Ste. 402
                                                  Astoria, NY  11103
                                                  Tel. (718) 522-1117
                                                  *Pro Se*

**Declaration of Norma E. Ortiz**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re                                                                Chapter 7

CESAR CEDILLO,                                          Case No. 13-42445-ess

                              Debtor.
-----------------------------------------------------------x

WEB HOLDINGS, LLC,

                              Plaintiff                           Adv. Proc. No. 15-01048-ess

             – vs.–

CESAR CEDILLO,

                              Defendant.
-----------------------------------------------------------x

<u>DECLARATION OF NORMA E. ORTIZ</u>

Norma E. Ortiz hereby declares as follows:

1. My firm has represented Cesar Cedillo (the "Debtor") since 2013 in his Chapter 7 bankruptcy case, and then as counsel in the adversary proceedings commenced against him by Carver Federal Savings Bank and Web Holdings (collectively, the "Actions"). The Debtor entered into separate retainer agreements with my firm for representation in the Chapter 7 case and for defending against the adversary proceedings. The retainer agreements, dated April 2015, for defending the Debtor in the Actions provided for the modest hourly rates of $350 an hour for my time and $275 an hour for my associate's time.

2. Prior to the commencement of the Actions, the Debtor and related entities and family members underwent nine (9) Rule 2004 discovery requests. After the commencement of the Actions, many of the same individuals and entities were deposed and were required to

respond to additional discovery requests. My firm was required to participate in discovery during the Chapter 7 case, and again in defense of the Actions.

3. My firm defended the Debtor under difficult circumstances. The Debtor does not read or write English, and lost his books and records in Superstorm Sandy. Moreover, the Debtor and his family members have limited education and struggled with many of the legal issues raised in the Actions.

4. Because of the Debtor's deep financial and legal difficulties, I caused my firm to accommodate the Debtor's delay in satisfying the firm's invoices. However, the Debtor's failure to compensate my firm occurred with greater frequency, and it can no longer afford to suffer the economic loss associated with the continued representation of the Debtor.

5. My firm has not received any compensation from the Debtor in over a year. The Debtor made repeated representations that he would obtain the funds necessary to offset the unpaid fees, but he has failed to honor his agreement. The Debtor did so while knowingly seeking additional legal services. My firm relied on the Debtor's representation that he would compensate my firm in expending countless hours defending against the Actions.

6. I believe that the Debtor's conduct constitutes a deliberate disregard for his financial obligations to my firm. In December 2016, I provided the Debtor with an outstanding invoice for approximately $22,000. After a number of discussions with the Debtor and his business consultant, we agreed to accept $10,000 to satisfy that invoice. Despite numerous representations that we would receive those funds, the Debtor did not comply with that agreement. My firm's records reflect no less than $35,000 due for services rendered.

7. Despite this breach of our agreement, my firm has continued to represent the

Debtor's interest and defend against the Actions. In an effort to induce my firm to continue rendering services, the Debtor informed me on multiple occasions in the last six months that he was obtaining a loan to pay our fees. We have never received the funds promised.

8. We have complied with all of the Court's orders, and recently spent no less than 14 hours preparing pre-trial orders in the two Actions. The next step in the case is the Court's pre-trial conference and establishing a trial date. At this time, no trial date has been set.

9. It would be an extreme economic difficulty to require my firm to continue representing the Debtor under these circumstances. I anticipate that preparing to try the two Actions will require at least 30 to 40 hours of preparation before we actually conduct the two day trial. I am the only partner in my firm, and responsible for all of the income generated by the firm. I would also be the person required to prepare for and try the case. My firm is not large enough to sustain the economic loss that would result for continuing to represent the Debtor without compensation under these circumstances.

10. I have taken all steps necessary not to prejudice the Debtor. My firm vigorously defended the Debtor in opposing two voluminous summary judgment motions brought by Carver and Web that resulted in two 70 page published decisions by the Court. As a result of the Court's decision, the primary issue to be tried in the Actions surrounds the Debtor's intent, and whether his discharge should be denied. Since in or about October or November of 2017, I informed the Debtor that my firm could not undertake a trial of his case without an agreed upon settlement of our outstanding fees, and payment for services to be provided, and I personally advised the Debtor to seek new counsel. The Debtor informed me that he understood, and thanked me for our service. We had an additional conversation in January. I recently attempted

to speak to the Debtor again, but did not reach him until today.

11. The Debtor informed me that he does not oppose my request. But he asked that I request that the Court provide him with 60 days to obtain the funds necessary to retain new counsel. As I informed the Debtor, I do not oppose turning over my firm's file to the Debtor or substitute counsel.

I declare under the penalty of perjury that the foregoing is accurate and true to the best of my knowledge.

March 8, 2018
Astoria, New York                                  *S/Norma E. Ortiz*
                                                   Norma E. Ortiz

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 7 |
| CESAR CEDILLO, | Case No. 13-42445-ess |
| Debtor. | |

-----------------------------------------------------------x

| | |
|---|---|
| WEB HOLDINGS, LLC, | |
| Plaintiff | Adv. Proc. No. 15-01048-ess |
| – vs.– | |
| CESAR CEDILLO, | |
| Defendant. | |

-----------------------------------------------------------x

**ORDER GRANTING APPLICATION OF ORTIZ & ORTIZ, L.L.P., PURSUANT TO LOCAL RULES 2090-1, TO WITHDRAW AS DEBTOR'S COUNSEL**

Upon the Application of Ortiz & Ortiz, L.L.P., ("O & O") pursuant to Local Rules 2090-1, to Withdraw as Counsel to Cesar Cedillo in the above-captioned adversary proceeding (the "Application"); notice of the Application having been provided to the Debtor, the above-captioned Plaintiff, and the U.S. Trustee; no written opposition to the Application having been filed and it appearing that sufficient notice having been given and that just cause exists to grant the relief requested in the Application; and for the reasons stated in the Application, it is hereby

**ORDERED**, that O & O is hereby relieved as counsel to Cesar Cedillo in the instant case and authorized to withdraw as counsel of record pursuant to Local Rule 2090-1(d).

Dated: March ___, 2018
       Broolyn New York

                                                          _____
                                                          HON. ELIZABETH S. STONG
                                                          U.S. BANKRUPTCY JUDGE